UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALVIN CRAIG KENNEDY,        )
                            )
        Plaintiff,           )
                            )          3 08    0683
v.                          )          No. 3:08mc0151
                            )          Judge Trauger
FIRST MEDICAL MANAGEMENT,   )
ET AL.,                     )
                            )
        Defendants.         )

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Riverbend Maximum Security Institution (Riverbend) in Nashville, Tennessee. The plaintiff brings this action under 42 U.S.C. § 1983 against: 1) First Medical Management; 2) Dr. f/n/u Sator, M.D.; 3) the Riverbend prison; and 4) Warden Ricky Bell. The plaintiff seeks money damages and injunctive relief, alleging violations of his rights under the Eighth and Fourteenth Amendments.

The plaintiff alleges that he was placed on chronic care for his right knee, left shoulder, and lower back while he was incarcerated in the Turney Center Industrial Prison (Turney Center). (Docket Entry No. 1, ¶ IV, p. 3) His chronic care included a prescription for Robaxin, a muscle relaxer. (Docket Entry No. 1, ¶ IV, p. 3)

The plaintiff was transferred to Riverbend in January, 2008, but his medical record was mistakenly left on the transfer bus. (Docket Entry No. 1, ¶ IV, p. 3) Because he did not have his medical record while going through intake, the nurse confiscated the plaintiff's Robaxin, and told him that Dr. Sator would have to approve his medication. (Docket Entry No. 1, ¶ IV, p. 3)

The plaintiff was advised two days later that Dr. Sator had discontinued his prescription for Robaxin, substituting 600 mg of ibuprofen three times daily. (Docket Entry No. 1, ¶ IV, p. 3) Two weeks later the ibuprofen was prescribed only "as needed," until it was finally stopped altogether in February, 2008.[1] (Docket Entry No. 1, ¶ IV, p. 3)

Dr. Sator referred the plaintiff to the orthopedic surgeon at the DeBerry Special Needs Facility in Nashville on May 20, 2008. (Docket Entry No. 1, ¶ IV, p. 3 and p. 3 cont. # 1)[2] After the plaintiff returned to Riverbend, Dr. Sator ordered the following diagnostic procedures for him: x-rays of the chest and skull, an EKG, an MRI,[3] and a blood test to determine whether the plaintiff had arthritis.[4] (Docket Entry No. 1, ¶ IV, p. 3 cont. # 1)

The plaintiff alleges that he has sought to be put back on Robaxin since he was transferred to Riverbend in January. (Docket Entry No. 1, ¶ IV, p. 3 cont. # 1) In his unsuccessful effort, the plaintiff has complained to the medical director at Riverbend, Warden Bell, Jim Cosby, Assistant Commissioner of the Tennessee Department of Correction (TDOC), TDOC Commissioner, George Little, and others. (Docket Entry No. 1, ¶ IV, p. 3 cont. ## 2-4)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived

---

[1] The plaintiff makes several references to events that occurred in 2007. However, it appears that the alleged events that gave rise to this action all occurred in 2008.

[2] The convention "p. 3 cont. # 1 X" is used to refer to the unnumbered continuation sheets following p. 3 in the complaint, where "X" refers to the continuation sheet in the order in which it appears in the complaint.

[3] The plaintiff makes no mention of receiving an MRI. However, it is apparent from the documents attached to the complaint that an MRI was completed. (Docket Entry No. 1, Attach. Grievance Response)

[4] It appears that the original blood test was not performed because Dr. Sator decided to order an unspecified "special blood test." It is unclear whether the "special blood test" has been completed.

2

of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. First Medical Management

Although the plaintiff names First Medical Management as a defendant to this action, he does not mention First Medical Management anywhere in the statement of his claim. Because the plaintiff has failed to allege and show that/how First Medical Management violated his rights, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt, supra*.

3

Assuming for the sake of argument that Dr. Sator is employed by First Medical Management, the plaintiff's only apparent claim against First Medical Management is that it is responsible under the doctrine of *respondeat superior* for Dr. Sator's alleged actions. The law is well established, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, *see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-1 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendant was personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach here, First Medical Management must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege that First Medical Management was involved in any of Dr. Sator's alleged actions, directly or otherwise. Neither does the plaintiff allege that Dr. Sator acted pursuant to any policy or custom attributable to First Medical Management that resulted in a violation of his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Accordingly, First Medical Management is not liable to the plaintiff under the doctrine of *respondeat superior*.

As reasoned above, the plaintiff's claim against First Medical Management lacks an arguable basis in law or fact. Therefore, this claim will be dismissed as frivolous.

### B. Dr. Sator

The thrust of the plaintiff's claim against Dr. Sator is encompassed in the following

4

statement: "I feel by Dr. Sator intentionally interfering with the treatment . . . prescribed by Dr. Campbell [at Turney Center] that Dr. Sator has violated my 8th Amendment – Cruel and Unusual Punishment as well as my 14th Amendment – Equal Protection." (Docket Entry No. 1, ¶ IV, p. 3 cont. # 4)

### 1. Plaintiff's Eighth Amendment Claim

To establish a violation of his constitutional rights resulting from a denial of medical care, the plaintiff must show that Dr. Sator was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment denial-of-medical-care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendant was deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts will not second-guess the medical judgments of prison officials and

5

constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5. Finally, to maintain a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of the actions alleged. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

The plaintiff asserts that the ibuprofen 600 mg did not work on April 2, 2008. (Docket Entry No. 1, ¶ IV, p. 3 cont. # 1) He also asserts that he was "still having problems" with his right knee and lower back on April 21, 2008. (Docket Entry No. 1, ¶ IV, p. 3 cont. # 1) Apart from these two statements, the plaintiff does not mention his health, or allege any adverse effects that Dr. Sator's care may have had on his health. More particularly, the plaintiff does not allege, nor can it be liberally construed from the complaint, that his health under Dr. Sator's care was any different than it had been while he was at Turney Center. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

In addition to having failed to establish that his health has suffered, it is clear from the complaint and attached documents that the plaintiff has received considerable medical attention since he has been at Riverbend. Although the plaintiff obviously disagrees with the treatment that he has received, his difference of opinion regarding that treatment does not give rise to a claim under the Eighth Amendment. Finally, because the plaintiff has received some medical treatment, this court will not constitutionalize a claim that is more properly brought under state law.

As reasoned above, the plaintiff's Eighth Amendment claim against Dr. Sator lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

### 2. Plaintiff's Equal Protection Claim

To assert a Fourteenth Amendment equal protection claim, the plaintiff must prove that Dr.

6

Sator purposefully discriminated against him because of his membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Prisoners are not members of a protected class for equal protection purposes. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)(citing *Harris v. McRae*, 448 U.S. 297, 323 (1980). Further, the plaintiff must assert that Dr. Sator's alleged actions amounted to class-based discrimination. *See McCleskey*, 481 U.S. at 292; *Henry*, 922 F.2d at 341. To establish an equal protection violation, the plaintiff also must establish that discriminatory intent or purpose was a factor in Dr. Sator's alleged actions. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1997). Finally, the plaintiff must demonstrate that he was treated differently than others who were similarly situated. *Id. at* 270 n. 21.

The plaintiff does not assert, nor can it be liberally construed from the complaint, that he is a member of a protected class, that he suffered class-based discrimination, that Dr. Sator's alleged actions stemmed from any discriminatory intent on his part, or that he was treated any differently than other prisoners with whom he was similarly situated. In other words, the plaintiff has failed to provide a single factual allegation that would support an equal protection claim against Dr. Sator.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells*, 891 F.2d at 594. More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d

7

434, 437 (6th Cir. 1988). As previously established, *supra* at p. 6, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Because the plaintiff fails to support his equal protection claim against Dr. Sator with any factual allegations, his claim is conclusory and, as such, subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

For the reasons explained above, the plaintiff's equal protection claim against Dr. Sator lacks an arguable basis in law or fact. Accordingly, it will be dismissed as frivolous.

### C. The Riverbend Prison

The plaintiff names the Riverbend prison as a defendant. "Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell*, 436 U.S. at 688 and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A prison is not a "person" within the meaning of § 1983. *See Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa.1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va.1992). Naming the Riverbend prison as a defendant, therefore, fails to satisfy the second part of the two-part test under *Parratt*, *supra* at pp. 2-3.

As reasoned above, the plaintiff's complaint against the Riverbend prison lacks an arguable basis in law or fact. Accordingly, this claim will be dismissed as frivolous.

### D. Warden Bell

The plaintiff's claim against Warden Bell is twofold. First, the plaintiff alleges that Warden Bell <u>will</u> violate his due process rights by transferring him to another prison because he filed this

8

Case 3:08-cv-00683  Document 10  Filed 07/15/08  Page 8 of 10 PageID #: 76

lawsuit. (Docket Entry No. 1, ¶ IV, p. 3 cont. # 4) Second, the plaintiff alleges that Warden Bell has violated his equal protection rights because Warden Bell has taken no action to correct his medical care complaints. (Docket Entry No. 1, ¶ IV, p. 3 cont. # 4)

### 1. Plaintiff's Due Process Claim

The plaintiff provides no factual allegations in support of his due process claim against Warden Bell. As previously explained, *supra* at pp. 7-8, claims without any supporting factual allegations are conclusory. In any event, speculative collateral consequences of the sort alleged are insufficient to entitle the plaintiff to relief under § 1983. *Johnson v. CCA-Northeast Ohio Correctional Center Warden*, 21 Fed.Appx. 330, 333 (6th Cir. 2001)(citing *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997)).

The plaintiff's claim that Warden Bell will transfer him because of this lawsuit lacks an arguable basis in law or fact. Therefore, this claim will be dismissed as frivolous.

### 2. Plaintiff's Equal Protection Claim

The plaintiff's equal protection claim against Warden Bell pertains to two letters, the first written by the plaintiff to Warden Bell on March 14, 2008. (Docket Entry No. 1, ¶ IV, Attach. ltr. dtd. Mar. 14, 2008) The second letter was written by Warden Bell to the plaintiff on May 13, 2008 (Docket Entry No. 1, ¶ IV, Attach. ltr. dtd May 13, 2008) in response to a letter that the plaintiff had written to Assistant Commissioner Cosby on April 7, 2008 (Docket Entry No. 1, ¶ IV, Attach. ltr. dtd. April 7, 2008). Both relate, in part, to the plaintiff's medical care complaint.

The grounds for supporting an equal protection claim are as previously set forth, *supra* at pp. 6-7. As already established, however, the plaintiff does not assert, nor can it be liberally construed from the complaint, that he is a member of a protected class, or that he suffered class-based

9

discrimination. Neither does the plaintiff allege in the context of this claim that Warden Bell's alleged actions stemmed from any discriminatory intent on his part, or that Warden Bell treated the plaintiff any differently from other prisoners with whom the plaintiff was similarly situated. The plaintiff has, therefore, failed to provide any factual allegations that would support an equal protection claim against Warden Bell.

The plaintiff's equal protection claim against Warden Bell lacks an arguable basis in law or fact. Accordingly, it will be dismissed as frivolous.

### III. CONCLUSION III

For the reasons explained herein, the plaintiff's complaint will be dismissed as frivolous. An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge